IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEYA DEONTE BAREFIELD                                                                         PLAINTIFF

v.                              Civil No. 6:23-CV-06094-SOH-CDC

SGT. OSCAR RONDONI,
PROGRAM WARDEN TASHA GRIFFIN,
DEPUTY WARDEN RANDY STRAUGHN,
SUPERINTENDENT WARDEN JARED
BYERS, SERGEANT AIRRION DELANEY,
LT. JORDAN MONTGOMERY, SGT. JSON
SUTTON, CHAPLAIN DON IORA/FLORA,
CURTIS CLARK (Grievance Coordinator),
SGT. EVAN NALLY, SGT. JAMES SMITH,
LT. PAUL WALTER, JUSTINE MINOR
(Disciplinary Hearing Officer),
JANICE BLAKE (Disciplinary Hearing
Officer), KEITH WADDLE, SECONDARY
DIRECTOR LISA WOODS,
WARDEN MARSHALL DALE REED,
MAJOR EVERETT LITZEY, JR.
DEXTER PAYNE, CPL. DIOSCELEENE
PADILLA (All of the Arkansas Division of
Correction Ouachita River Correctional Unit)                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on August 23, 2023. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application by September 13, 2023. (ECF No. 3). Plaintiff submitted a second incomplete IFP application on September 6, 2023. (ECF No. 5). On September 7, 2023, the Court entered an Order directing Plaintiff to submit a completed IFP application (ECF No. 6); Plaintiff complied on September 15, 2023 (ECF No. 7); and was granted IFP status on September 18, 2023. (ECF No. 8).

On September 21, 2023, the Court entered the first of several Orders directing Plaintiff to file an Amended Complaint to address deficiencies in his Complaint and subsequent Amended Complaints. (ECF Nos. 10, 12, 13, 14, 15, 17, 18, 19). On January 17, 2024, Plaintiff submitted the final pages of his Fourth Amended Complaint.

In his Fourth Amended Complaint, Plaintiff alleges that he has received multiple disciplinary charges and convictions in the ADC because he refuses to cut his dreadlocks. (ECF No. 18). He alleges that his dreadlocks are part of the practice of his Rastafarian religion, and he is being retaliated against for that religious practice. (*Id.*). He further alleges violation of the Religious Land Use and Institutionalized person Act ("RLUIPA"). In summary, Plaintiff alleges that the Defendants named[2] wrote disciplinaries against him, or gave him an unfair hearing for the disciplinaries, or upheld the disciplinaries, or gave false information concerning the requirements of his religion.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[2] Apart from Defendants McCannally and Walter, as discussed in the Analysis section.

Plaintiff proceeds against all Defendants in their official and individual capacities. (*Id*. at 11). As his official capacity claim, Plaintiff alleges he has been systematically subjected to cruel and unusual punishment, administrative retaliation, and deprivation of his federal constitutional rights. (*Id*. at 11). In the section of the Complaint form detailing the relief requested, Plaintiff checked the box for "other relief," asking to be awarded $2 million dollars "per Defendant." (*Id*. at 17). He also asks that all Defendants be terminated from their position with the ADC and all disciplinaries concerning his dreadlocks be removed from his institutional jacket. (*Id*.).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

3

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Official Capacity Claims- ADC Employees

Plaintiff's official capacity claims against Arkansas Division of Correction employees are subject to dismissal. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). As Defendants are all identified as employees of the Arkansas Division of Correction, Plaintiff's official capacity claims against them are subject to dismissal.

#### B.  Defendants Lt. Cole McCannally and Lt. Paul Walter

Plaintiff's personal capacity claims against Defendants McCannally and Walter are subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not

4

alleged a causal link between Defendants McCannally and Walter and his claims. *See Martin*, 780 F.2d 1337. (Even a pro se Plaintiff must allege specific facts sufficient to state a claim). Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's official capacity claims against all Defendants as well as his personal capacity claims against Defendants McCannally and Walter be dismissed without prejudice. It is further recommended that his personal capacity claims against all remaining Defendant remain for service and further review.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Referral Status:  This case should remain referred to the undersigned for all matters not recommended for dismissal in this Report and Recommendation.**

**DATED** this **20th day of February 2024**.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE